[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11648

Non-Argument Calendar

_____

GULFSTREAM TOWERS, LLC,

Plaintiff-Appellee,

*versus*

BREVARD COUNTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00010-GAP-LHP

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

The question in this appeal is whether a county's denial of a conditional use permit for solely aesthetic concerns was supported by "substantial evidence" as required by the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)(B)(iii).

Brevard County, Florida appeals the district court's holding that it violated the Telecommunications Act when it denied Gulfstream Towers, LLC a permit application for a 120-foot monopole wireless telecommunications tower. The district court held that the County's generalized aesthetic objections did not constitute substantial evidence under the Telecommunications Act. It ordered the County to approve the permit.

We have consistently held that generalized aesthetic objections, standing alone, cannot justify denial of an otherwise qualified application. Because the district court correctly concluded that the County's factual support for its decision fell short of the substantial evidence requirement, we affirm.

## I.

Gulfstream, a telecommunications infrastructure provider, sought a permit from Brevard County, Florida, to construct a 120-foot monopole wireless telecommunications tower. The tower was designed to enhance cellular service coverage for T-Mobile.

Brevard County's regulations establish objective criteria for wireless communications facilities. Gulfstream's application complied with all those standards and lacked alternative co-locate options. Immediately south of the proposed facility lies a residential community, encompassing hundreds of homes. As part of its application, Gulfstream included simulated photographs of the site, and in one of those photographs, the proposed tower was visible behind a home.

Brevard County's Board of County Commissioners considered the permit application at a public hearing, where it received sixteen written objections and heard ten citizens speak in opposition. Two of those citizens raised aesthetic objections, describing the tower as an "eyesore" and expressing concern over strobe lighting required under County regulations. The District Commissioner whose district included the site moved to deny the application, describing the structure as incompatible with the surrounding residential area. The Board unanimously voted to deny the application and issued a written decision, Resolution No. 23-144, which incorporated verbatim from the hearing the statements of two commissioners and the objections of citizens regarding the proposed tower. The Resolution concluded that the tower would create a "significant adverse aesthetic impact on the surrounding landscape and adjacent properties," negatively affect the "scenic and visual character of the geographic area," and was "incompatible with the surrounding area." It cited no expert testimony or objective evidence.

Gulfstream sued under the Telecommunications Act, alleging that the County's denial violated the Act because it rested solely on generalized aesthetic objections. Both parties moved for summary judgment. The district court granted summary judgment for Gulfstream, holding that subjective aesthetic concerns, unsupported by objective evidence, do not constitute substantial evidence under the TCA. The court declared Resolution No. 23-144 null and void and ordered the County to approve the application. The County appealed.

## II.

Brevard County raises two issues on appeal. First, it argues that its denial of Gulfstream's CUP was supported by substantial evidence. Second, it contends that the district court applied the wrong standard of review by focusing on the Board's stated reasons rather than the entire administrative record. Whether the County's denial was supported by substantial evidence under the Telecommunications Act, and whether the district court applied the correct standard of review, are both reviewed de novo. *See Am. Tower LP v. City of Huntsville*, 295 F.3d 1203, 1207 (11th Cir. 2002).

We address each issue in turn.

### A.

The Telecommunications Act requires that a denial of a wireless facility construction request be "in writing and supported by substantial evidence contained in a written record." 47 U.S.C. § 332(c)(7)(B)(iii). Although both parties agree that Resolution 23-144

satisfies the TCA's "in writing" requirement, they disagree if there was "substantial evidence in [the] written record" to support the County's decision. *See id.*

We define "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Preferred Sites, LLC v. Troup County*, 296 F.3d 1210, 1218 (11th Cir. 2002) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The standard requires "more than a mere scintilla but less than a preponderance" of evidence. *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 762 (11th Cir. 2005). That evidence must also be "objective and fact-based," and not merely "generalized aesthetic concerns." *Preferred Sites*, 296 F.3d at 1219. "Aesthetic objections coupled with evidence of an adverse impact on property values or safety concerns can constitute substantial evidence." *Michael Linet, Inc.*, 408 F.3d at 761.

The County argues the record contained substantial evidence in the form of (1) citizens' expressed concerns about the proposed tower's aesthetic impact and (2) Gulfstream's simulated photographs. We disagree.

First, the County points to the residents' statements in the record. These are subjective statements that the tower would be an "eyesore" or inconsistent with the neighborhood's character. But we reject the sufficiency of these kinds of generalized objections. We have explained that "[m]ere generalized concerns regarding aesthetics . . . are insufficient to create substantial evidence justifying the denial of a permit." *Preferred Sites,* 296 F.3d at 1219 (11th

Cir. 2002). Instead, for aesthetic concerns to have any purchase, there must be evidence of property value decline or the like.

Second, the County cites photographs submitted by Gulfstream. The photographs show how the proposed tower would look from various viewpoints; in one, the proposed tower is visible behind a home. The County relies on this image as objective evidence. But the Board did not identify any of these images in its Resolution, during the hearing, or when explaining the vote. And the County's references to these images are nothing more than a repackaged version of the County's generalized concerns about aesthetics. That a tower may be visible is not substantial evidence that justifies, by itself, denying a permit under the Telecommunications Act.

The County says that its regulations give the Board discretion to weigh aesthetic factors and lowers the evidentiary threshold. But it cannot eliminate the Telecommunication Act's requirement that those considerations be supported by objective evidence. *See T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 301 (2015). Because the record contains only subjective opinions and the Resolution fails to reference any other possible evidentiary bases for its denial, the County does not and cannot satisfy the substantial-evidence requirement.

*B.*

The County also argues that the district court erred by limiting its analysis to the Board's stated reasons rather than reviewing the entire record. It contends that even if the Board failed to

24-11648                 Opinion of the Court                      7

expressly cite certain evidence, courts should uphold its decision if other parts of the record support it.

This argument fails for two reasons.

First, the Supreme Court's decision in *T-Mobile S., LLC v. Roswell* requires that a locality's written decision contain reasons sufficient to permit meaningful judicial review. 574 U.S. at 301–02. Courts may not supply rationalizations by combing through the record for evidence a decisionmaker did not identify. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) (administrative decisions must be judged "solely by the grounds invoked by the agency"). When the County published Resolution 23-144, it did *not* identify "relevant evidence as a reasonable mind might accept as adequate to support [its] conclusion." *Preferred Sites*, 296 F.3d at 1218. Instead, the text of the Resolution contained conclusory statements that the proposed tower "is incompatible with the character of the properties surrounding the subject property and creates a negative aesthetic impact." It relied explicitly on aesthetic concerns and made no reference to anything else.

Second, even if we were to consider the entire record, it does not cure the deficiency: the only meaningful evidence in the record consists of photographic simulations. And, as we discussed above, the County's subjective assessment of those photographs is not enough to support the Board's decision. The district court correctly concluded that the County violated section 332(c)(7)(B)(iii).

8                        Opinion of the Court                    24-11648

## III.

**AFFIRMED.**